IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KANDI BREITKREUTZ,

                Plaintiff,

vs.                                      Case No. 17-1261-SAC

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                Defendant.


**O R D E R**

On August 31, 2018, this court issued an order reversing the decision of the Commissioner and remanding the case for further hearing. Doc. No. 14. On December 14, 2018, this court granted plaintiff's attorney fees under the EAJA in the amount of $4,515.00. Doc. No. 17. Plaintiff received a favorable award on remand and has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. No. 18. This case is now before the court upon that motion. Counsel for defendant does not take a position upon the motion, but has offered input for the court's consideration.

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." This provision allows the court

1

to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002).

Plaintiff and her attorney entered into a contingent fee agreement whereby plaintiff agreed to pay her attorney 25% of her retroactive disability benefits if she received an award of benefits. Doc. No. 18-5. Plaintiff received an award of past due benefits and defendant withheld 25% ($20,982.15) for payment of plaintiff's legal counsel. Doc. No. 18-4. Plaintiff's counsel seeks as attorney's fees the entire amount withheld.

Upon review in light of factors mentioned in Gisbrecht, the court concludes that a fee award reduced from the amount of plaintiff's request would be reasonable here. The court finds that plaintiff's counsel provided skillful representation and achieved an excellent result for plaintiff. Counsel was not responsible for any delay in the litigation. These factors favor the award requested by plaintiff's counsel. The benefits awarded to plaintiff, however, seem large in comparison to the amount of time reasonably spent on the case. Combining the hours spent by plaintiff's counsel and a law clerk (18.9 hours by counsel, 9.5

hours by law clerk), the award sought by plaintiff's counsel would produce an effective rate of $738.80 per hour. This is substantially more than many other cases in this district have held to be reasonable. See Potter v. Saul, 2020 WL 584447 *1 (D.Kan. 2/6/2020)(reviewing several cases).

Upon review of the above-mentioned factors, the court concludes that a fee award of $12,780.00 should be made pursuant to § 406(b).

IT IS THEREFORE ORDERED that plaintiff's motion for an award of attorney fees under 42 U.S.C. § 406(b) (Doc. 18) is granted. Plaintiff's attorney is entitled to $12,780.00 in fees under § 406(b). The Commissioner shall pay the fees from the amount withheld from plaintiff's past due benefits.

IT IS FURTHER ORDERED that plaintiff's counsel shall refund to plaintiff $4,515.00, which she received as fees under the EAJA after plaintiff's attorney receives her $12,780.00 in attorney fees from the Commissioner.

**IT IS SO ORDERED.**

Dated this 7th day of May 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

3